evidence in the light most favorable to the Government, as we are required to do, we cannot say that evidence presented and inferences therefrom are not substantial, so as to overturn the guilty verdict of the jury. United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969); Ruiz v. United States, 374 F.2d 619 (5th Cir. 1967).

Affirmed.

---

■

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Floyd Denton WARD, Defendant-Appellant.**

**No. 26766.**

United States Court of Appeals, Ninth Circuit.

July 21, 1971.

Bernard G. Winsberg, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief Crim. Div., Michael J. Lightfoot, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

The appellant appeals his conviction on two counts of knowingly passing counterfeit obligations of the United States. 18 U.S.C. § 472. He argues that the Government's evidence was not sufficient to prove that he passed the three bogus ten dollar bills with knowledge that they were counterfeit. Viewing the

---

■

**Gilbert R. MASON, Jr., et al., Plaintiffs-Appellants,**

v.

**The BILOXI MUNICIPAL SEPARATE SCHOOL DISTRICT, Defendant-Appellee.**

**No. 30398.**

United States Court of Appeals, Fifth Circuit.

July 6, 1971.

Melvyn R. Leventhal, Reuben V. Anderson, Fred L. Banks, Jr., John A. Nichols, R. Jesse Brown, Jackson, Miss., Jack Greenberg, Jonathan Shapiro, Norman J. Chachkin, New York City, for appellants.

Jerris Leonard, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for other interested parties.

A. F. Summer, Atty. Gen. of Miss., William A. Allain, Asst. Atty. Gen., Jackson, Miss., Victor B. Pringle, Biloxi, Miss., Thomas H. Watkins, Jackson, Miss., for appellee.

ORDER

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

**1366**

BY THE COURT:

The judgment of the District Court as it relates to student assignment is vacated and the cause is remanded with direction that the District Court require the school board forthwith to constitute and implement a student assignment plan that complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), insofar as they relate to the issues presented in this case.

The District Court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5th Cir. 1970, 433 F.2d 611 at 618 (5th Cir. 1970). Also the District Court shall require the school board to announce and implement the provisions for desegregation of faculty and staff as set out in Singleton v. Jackson Municipal School District, 419 F.2d 1211 (5th Cir. 1970).

Vacated and remanded with direction.